K. CHIKE ODIWE, ESQ. (SBN 315109)
LAW OFFICES OF KENNETH C. ODIWE, PC
2880 Zanker Road Suite 203
San Jose, CA 95134
Telephone: (669) 315-4431
Facsimile: (669) 315-4431
kenneth@kennethodiwelaw.com

Attorney for Plaintiff
JANE DOE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual,<br><br>                 Plaintiff,<br><br>  vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; FNU IBARRA, individually and in his official capacity as a sergeant for the San Francisco Sheriff's Office; FNU DOCKERY, individually and in her official capacity as a deputy for the San Francisco and DOES 1-50, inclusive, individually and in their official capacity as officers for the San Francisco Sheriff's Office,<br><br>                 Defendants. | CASE NO.:<br><br><u>COMPLAINT FOR DAMAGES</u><br>(42 U.S.C. Section 1983 and pendent tort claims)<br><br><u>JURY TRIAL DEMANDED</u> |

## **INTRODUCTION**

1. This civil rights and state tort action arises out of the sexualized humiliation, coercive abuse, and unconstitutional treatment inflicted upon Plaintiff Jane Doe while she was detained at the San Francisco County Jail. On March 22, 2025, during a housing-unit shakedown in CJ-2, B Pod, Defendants, sworn deputies and supervisors acting under color of law, forced Plaintiff, a menstruating woman, to undergo a strip and cavity search that was recorded by a male deputy,

compelled her to remove her menstrual tampon, denied her replacement sanitary protection, confined her while bleeding without access to a restroom, intimidated her with a firearm, and taunted her with threats that recordings of her naked body would be posted online. Plaintiff was under complete custodial control and had no ability to refuse, escape, or protect herself from the abuse.

2. Rather than serving any legitimate safety or security purpose, Defendants' conduct constituted a deliberate and degrading abuse of state power. Defendants used forced nudity, bodily invasion, denial of basic hygiene, prolonged confinement, and armed intimidation to punish and terrorize women in custody. Supervisory personnel were present, participated in, and ratified the misconduct, and no meaningful corrective action followed. The conduct violated clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution and California law, and it reflects a broader pattern, practice, and culture within the jail that tolerates unconstitutional strip searches, gender-based humiliation, and custodial abuse.

3. This action seeks compensatory, statutory, and punitive damages, as well as declaratory and injunctive relief, against Defendants for violating Plaintiff's federal civil rights under 42 U.S.C. § 1983, for infringing Plaintiff's rights to bodily privacy and bodily integrity, and for committing state-law torts including sexual battery and invasion of privacy. Plaintiff brings this action not only to obtain redress for the profound harm she suffered, but also to expose and halt practices that place women in custody at ongoing risk of sexualized abuse and constitutional violations by those entrusted with their care.

## JURISDICTION

4. This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the City and County of San Francisco, California, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

**PARTIES**

6. Plaintiff JANE DOE (hereinafter "Plaintiff") is, and at all relevant times was, a resident of the State of California and a United States citizen. Plaintiff brings this action under a pseudonym to protect her privacy and personal safety because the claims arise from sexualized custodial abuse, forced nudity, invasive strip and cavity searches, and related threats of retaliation and public dissemination of recordings. Disclosure of Plaintiff's identity would expose her to further humiliation, stigma, and harm, and the use of a pseudonym is necessary to preserve her access to justice while Defendants' identities are known or will be disclosed through discovery.

7. Defendant FNU IBARRA (hereinafter "Defendant Ibarra") was, at all relevant times, a sergeant for the San Francisco Sheriff's Office, and is sued individually and in his official capacity.

8. Defendant FNU DOCKERY (hereinafter "Defendant Dockery") was, at all relevant times, a deputy for the San Francisco Sheriff's Office, and is sued individually and in her official capacity.

9. Defendant City and County of San Francisco (hereinafter "City") is a public entity duly organized and existing under the laws of the State of California. At all relevant times, Defendant City possessed the authority and responsibility to establish, adopt, implement, supervise, and enforce policies, customs, rules, and practices governing the operation of the San Francisco Sheriff's Office, including jail operations, strip-search and cavity-search procedures, recording practices, gender-privacy protections, use of force, training, supervision, discipline, and internal investigations. At all relevant times, Defendant City was the employer of Defendants DOES 1 through 50, each of whom was acting within the course and scope of their employment and under color of law as peace officers, supervisors, employees, or agents of the City.

10. Plaintiff is ignorant of the true names and capacities of those Defendants named herein as DOES 1 through 25, inclusive. Plaintiff will amend this Complaint to allege said Defendants true names and capacities when that information becomes known to Plaintiff. Plaintiff is informed and believes, and thereon alleges that DOES 1 through 25, inclusive, are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional,

or willful misconduct, including the negligent, careless, deliberately indifferent, intentional, willful misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek to amend this Complaint to set forth said true names and identities of DOES 1 through 25, inclusive, when they have been ascertained.

11. Plaintiff is ignorant of the true names and capacities of Defendants DOES 26 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named was employed by Defendant City at the time of the conduct alleged herein. Plaintiff alleges that each of Defendants DOES 26 through 50 were responsible for the training, supervision and/or conduct of the police officers and/or agents involved in the conduct alleged herein. Plaintiff alleges that each of Defendants DOES 26 through 50 was also responsible for and caused the acts and injuries alleged herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 26 through 50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

12. Plaintiff is required to comply with an administrative tort claim requirement under California law. Plaintiff filed a claim against the City and County of San Francisco on August 19, 2025. Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910.

## PRELIMINARY ALLEGATIONS

13. The Defendant City and County of San Francisco is a public entity organized and existing under the laws of the State of California and is sued pursuant to 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments to the United States Constitution, as well as for violations of California statutory and common law, including but not limited to the Bane Act (Cal. Civ. Code § 52.1), the California Constitution, the California Tort Claims Act, and other applicable provisions of the Government Code. Defendant City and County of San Francisco is legally responsible for the acts and omissions of Defendants DOES 1 through 50, and each of them, who at all relevant times were duly appointed, qualified, and acting deputies, supervisors, officers, employees,

agents, and/or policymakers of the San Francisco Sheriff's Office, and who were acting within the course and scope of their employment, agency, and official duties when they caused Plaintiff's injuries and damages.

14. Each Defendant caused and is legally responsible for the unlawful conduct and resulting harm alleged in this Complaint by, among other things, personally participating in the misconduct; acting jointly and in concert with other Defendants; directing, authorizing, approving, acquiescing in, condoning, or ratifying the misconduct; failing to intervene or take reasonable steps to prevent the misconduct despite having the opportunity and duty to do so; promulgating, enforcing, or maintaining policies, customs, and practices pursuant to which the unlawful conduct occurred; failing to promulgate necessary policies, procedures, and safeguards to prevent the misconduct; failing to adequately train, supervise, monitor, discipline, or control subordinates; and ratifying and condoning the unconstitutional and unlawful acts and omissions of deputies, supervisors, and other employees under their direction and control.

15. Whenever and wherever reference is made in this Complaint to any act, omission, conduct, policy, practice, or custom of Defendants DOES 1 through 50, such allegations shall be deemed to include and apply to the acts and failures to act of each DOE Defendant individually, jointly, and severally, whether acting directly or indirectly, and whether acting alone or in concert with others, and whether such conduct was carried out personally or through agents, subordinates, or co-conspirators.

## GENERAL ALLEGATIONS

16. On March 22, 2025, Plaintiff Jane Doe was confined as a woman detainee in CJ-2, B Pod, at the San Francisco County Jail, a custodial facility operated and controlled by the City and County of San Francisco through its Sheriff's Office. At all relevant times, Plaintiff was under the complete physical control, authority, and supervision of sheriff's deputies and supervisors, and she was not free to leave, refuse orders, or protect herself from abuse of authority.

17. During the early morning hours of that date, Defendants initiated a housing-unit "shakedown" that escalated into mass strip searches and cavity searches of women housed in the unit. The shakedown was not based on individualized reasonable suspicion that Plaintiff possessed

contraband or posed a specific security threat. Instead, Defendants treated the women in the unit as collectively suspect and subjected them to invasive searches without regard for constitutional limits, gender privacy protections, or basic human dignity.

18. Defendants ordered Plaintiff to fully disrobe and submit to a cavity search inside the housing unit. While Plaintiff was naked and exposed, a male deputy stood nearby with an activated body-worn camera recording Plaintiff's body and intimate areas. Defendants did not disable the camera, did not shield Plaintiff from view, and did not limit observation to female deputies, despite the availability of less intrusive alternatives and the absence of any exigent circumstance.

19. During the cavity search, Defendants ordered Plaintiff to remove her menstrual tampon so that her body could be "thoroughly searched." Plaintiff was actively menstruating at the time. After forcing removal of the tampon, Defendants refused to provide Plaintiff with replacement sanitary protection or allow her to address her bleeding in private. Plaintiff began bleeding heavily while still under the control and observation of deputies, compounding the humiliation, degradation, and physical distress inflicted upon her.

20. Rather than promptly restoring Plaintiff's dignity after the search, Defendants forced Plaintiff and other women into a small holding room and ordered them to sit directly on the floor. Defendants denied repeated requests to use the restroom, denied access to sanitary products, and confined Plaintiff in that room for approximately two hours while she continued bleeding. As a foreseeable and direct result of Defendants' actions, several women, including Plaintiff, were forced to urinate on themselves while seated on the floor.

21. During this period of confinement, a deputy stood guard while holding and pointing an M16-style rifle toward Plaintiff and the other women. The firearm served no legitimate safety or security purpose. Plaintiff and the other women were unarmed, compliant, locked inside a custodial facility, and posed no threat. The display and pointing of the weapon was used solely to intimidate, silence, and coerce compliance.

22. Defendant Deputy Dockery and Defendant Sergeant Ibarra were present during the strip and cavity searches and the subsequent confinement. Sergeant Ibarra exercised supervisory

authority over the deputies involved. Rather than intervening to stop the abuse, supervising personnel permitted it to continue and actively participated in further degrading conduct.

23. While Plaintiff remained naked or partially clothed, bleeding, confined, and under armed guard, Defendants taunted Plaintiff and the other women by stating that videos of their strip and cavity searches would be posted online, with their genitalia "blurred." These statements were made under color of law and in the context of total custodial control, amplifying the coercive, threatening, and sexualized nature of the misconduct.

24. Throughout the incident, Defendants acted together as a group, supporting, assisting, encouraging, and tacitly approving one another's actions. Each Defendant knew or reasonably should have known that the conduct being inflicted on Plaintiff violated clearly established constitutional and statutory rights, yet each failed to intervene or take reasonable steps to prevent further harm.

25. Each Defendant had a realistic opportunity to intervene to stop the unlawful strip and cavity searches, the recording of nudity, the forced removal of menstrual protection, the denial of sanitation and restroom access, the armed intimidation, and the threats of dissemination. Each Defendant failed to do so, thereby independently violating Plaintiff's rights.

26. The actions and omissions of Defendants were objectively unreasonable under the circumstances, without legal justification, and undertaken under color of law within the course and scope of their employment as deputies, supervisors, and officials of the Sheriff's Office.

27. Plaintiff is informed and believes, and thereon alleges, that Defendants' misconduct was not an isolated incident, but rather occurred pursuant to longstanding customs, practices, and patterns within the Sheriff's Office, including group strip searches during shakedowns, cross-gender viewing of female detainees, recording during searches, denial of hygiene and sanitation, and supervisory tolerance or minimization of such abuse.

28. Plaintiff is further informed and believes, and thereon alleges, that Defendants DOES 26 through 50, including supervisory and policymaking officials, breached their duties to the public and to Plaintiff by failing to discipline, investigate, or meaningfully correct the misconduct of Defendants DOES 1 through 25. This failure to discipline and correct misconduct demonstrates an

entrenched culture and policy of promoting, tolerating, and ratifying unconstitutional searches, sexualized humiliation, and custodial abuse with deliberate indifference to the rights of detainees.

29. Plaintiff is informed and believes, and thereon alleges, that members of the Sheriff's Office, including Defendants DOES 1 through 25, have individually and in concert engaged in a repeated pattern and practice of unconstitutional strip searches, invasions of bodily privacy, denial of basic hygiene, and coercive treatment of women in custody, and that the City knew or should have known of this pattern through complaints, grievances, internal reports, and the obviousness of the risk.

30. At all material times, the actions and omissions of each Defendant were conscience-shocking, reckless, deliberately indifferent to Plaintiff's rights, and objectively unreasonable. Defendants' conduct stripped Plaintiff of dignity, bodily autonomy, and constitutional protection, causing severe emotional and psychological harm.

## DAMAGES

31. As a direct and proximate result of Defendants' acts and omissions, including their violations of Plaintiff's federal civil rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, as well as their violations of California constitutional, statutory, and common law, Plaintiff suffered severe and substantial injuries and damages.

32. Plaintiff's injuries include, but are not limited to, physical pain and discomfort; humiliation; degradation; emotional distress; anxiety; fear; loss of dignity; embarrassment; shame; mental anguish; sleep disturbance; and other psychological and emotional injuries that continue to affect Plaintiff's daily life and well-being.

33. Plaintiff further suffered the loss of her fundamental right to bodily privacy and bodily integrity, and the invasion of her most intimate personal interests, including forced exposure, sexualized humiliation, denial of basic hygiene, and prolonged confinement under coercive and threatening conditions.

34. As a foreseeable consequence of Defendants' misconduct, Plaintiff has incurred and will continue to incur medical and mental health expenses, including costs associated with

counseling, therapy, and other treatment required to address the emotional and psychological harm caused by Defendants' actions.

35. Plaintiff also suffered economic damages, including but not limited to out-of-pocket expenses and other financial losses, according to proof.

36. Defendants' conduct was willful, malicious, oppressive, reckless, and in callous disregard of Plaintiff's constitutional and statutory rights, thereby entitling Plaintiff to an award of punitive and exemplary damages against the individual Defendants under 42 U.S.C. § 1983 and applicable California law, in an amount sufficient to punish Defendants and to deter similar misconduct in the future.

37. Plaintiff was required to retain private legal counsel to vindicate her rights and to obtain redress for the harms inflicted by Defendants. Plaintiff is therefore entitled to recover reasonable attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 1988, the Bane Act (Cal. Civ. Code § 52.1), and all other applicable statutes and doctrines providing for fee shifting.

38. Plaintiff is further entitled to recover general damages, special damages, statutory damages where applicable, prejudgment and post-judgment interest, and all other relief permitted by law, according to proof at trial.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(Violation of the Fourth Amendment of the United States Constitution- Unreasonable Strip and Cavity Search)**
**(Against Defendants Dockery and DOES 1-25)**

39. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 38 of this Complaint.

40. At all relevant times, Defendants acted under color of state law as sworn deputies and supervisors exercising custodial authority over Plaintiff.

41. The Fourth Amendment protects detainees from unreasonable searches, including strip searches and body cavity searches conducted in an abusive, degrading, or unnecessarily intrusive manner.

42. Strip and cavity searches are among the most invasive searches known to law and are constitutional only if reasonable in scope, manner, justification, and place.

43. Defendants compelled Plaintiff, a menstruating woman, to fully disrobe and submit to a cavity search during a housing-unit shakedown without individualized reasonable suspicion that Plaintiff possessed contraband or posed a specific safety threat.

44. Defendants ordered Plaintiff to remove her menstrual tampon to permit a "thorough" search, despite the absence of any legitimate penological or medical necessity.

45. Defendants conducted and prolonged the cavity search while a male deputy recorded Plaintiff's naked body and genital area using a body-worn camera.

46. Defendants refused to disable recording devices, refused to limit observation to female deputies, and refused to employ readily available, less intrusive alternatives.

47. After forcing removal of Plaintiff's tampon, Defendants denied Plaintiff replacement sanitary protection, causing Plaintiff to bleed heavily in custody.

48. Defendants further prolonged the intrusion by confining Plaintiff without restroom access or hygiene for approximately two hours.

49. Defendants' conduct transformed the search into a punitive, humiliating, and sexualized ordeal unrelated to any legitimate security objective.

50. Under clearly established law, no reasonable officer could believe it lawful to record a menstruating woman's cavity search, compel removal of menstrual protection, deny sanitation, or permit unnecessary cross-gender observation.

51. Defendants violated Plaintiff's Fourth Amendment rights, causing severe humiliation, emotional distress, and lasting psychological injury.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Violation of the Fourteenth Amendment of the United States Constitution- Substantive Due Process)
### (Against Defendants Ibarra, Dockery, and DOES 1-25)

52. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 51 of this Complaint.

53. Plaintiff retained a substantive due process right to bodily integrity and to be free from arbitrary, punitive abuse by custodial officials.

54. Defendants exercised complete control over Plaintiff's body, movement, privacy, and access to basic human needs.

55. Defendants used that power to impose sexualized humiliation, forced menstrual bleeding, denial of sanitation, prolonged confinement, and armed intimidation.

56. Defendants confined Plaintiff while bleeding on the floor and denied restroom access, resulting in women urinating on themselves in custody.

57. Defendants amplified coercion by pointing a firearm at Plaintiff and others, despite the absence of any threat.

58. Supervisory personnel taunted Plaintiff with threats that recordings of her strip and cavity search would be posted online.

59. The conduct was gratuitous, degrading, and punitive and bore no reasonable relationship to legitimate governmental objectives.

60. Defendants' actions shocked the conscience and constituted deliberate abuse of governmental power in violation of substantive due process.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Violation of the Fourteenth Amendment of the United States Constitution-Equal Protection (Sex Discrimination)
### (Against Defendants Ibarra, Dockery, and DOES 1-25)

61. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 60 of this Complaint.

62. Defendants intentionally subjected female detainees to strip and cavity searches involving cross-gender viewing and recording without necessity.

63. Defendants did not impose comparable practices on similarly situated male detainees.

64. Defendants' conduct imposed unique humiliation and degradation on women based solely on sex.

65. Sex-based classifications by state actors require an important governmental objective and means substantially related to that objective.

66. Defendants lacked any important governmental objective for recording female cavity searches, forcing removal of menstrual products, or denying sanitation.

67. Defendants intentionally discriminated against Plaintiff based on sex in violation of the Equal Protection Clause.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Monell - Municipal Liability for Unconstitutional Custom or Policy)
### (Against Defendants City and DOES 26-50)

68. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 67 of this Complaint.

69. At all relevant times, Defendants DOES 1–25 were deputies and employees of the Sheriff's Office, and Defendants DOES 26–50 were supervising, managing, training, investigating, and policymaking officials responsible for jail operations, strip-search procedures, recording practices, gender-privacy protections, and discipline.

70. On information and belief, the unconstitutional conduct of Defendants DOES 1–25 was known to, approved by, condoned by, and ratified by supervisory and policymaking officials.

71. On information and belief, Defendants were not meaningfully disciplined for the misconduct inflicted on Plaintiff.

72. For a period of time prior to March 22, 2025, and continuing thereafter, the City knowingly maintained, enforced, tolerated, and applied official and unofficial customs, policies, and practices that deprived detainees, particularly women, of rights secured by the Fourth and Fourteenth Amendments.

73. These policies and practices were maintained with gross negligence and deliberate indifference to detainee safety, dignity, and bodily integrity.

74. The unconstitutional customs and practices included, but were not limited to:

   a) Employing and retaining deputies with known or obvious propensities to abuse custodial authority and disregard privacy protections;

   b) Failing to train deputies on constitutional limits governing strip and cavity searches, recording prohibitions, menstruation, sanitation, and gender privacy;

   c) Inadequately supervising housing-unit shakedowns and searches, allowing group searches, cross-gender viewing, recording of nudity, and denial of hygiene;

   d) Maintaining grossly inadequate procedures for reporting, investigating, reviewing, and disciplining strip-search misconduct;

   e) Failing to discipline deputies and supervisors for unlawful searches, sexualized humiliation, denial of hygiene, and armed intimidation;

   f) Ratifying unconstitutional conduct through inaction and after-the-fact approval;

   g) Maintaining an unconstitutional practice of conducting strip and cavity searches without individualized suspicion or adequate safeguards;

   h) Failing to properly investigate and remediate complaints of custodial sexual abuse and privacy violations.

75. On information and belief, the misconduct alleged was not isolated. Prior to and after March 22, 2025, the Sheriff's Office received complaints, grievances, internal reports, and other notice of substantially similar conduct, including group strip searches, recording during searches, cross-gender viewing, denial of sanitation, and supervisory tolerance of such abuse.

76. Policymakers had actual or constructive knowledge of these deficiencies and failed to take corrective action.

77. The need for training and supervision in these areas was obvious, and the failure to act made constitutional violations highly predictable.

78. The City's policies, customs, pattern and practice, and ratification were the moving force behind Plaintiff's injuries.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
### (Violation of California Civil Code §52.1)
### (Against Defendants City, Ibarra, Dockery, and DOES 1-25)

79. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 78 of this Complaint.

80. Defendants interfered with Plaintiff's constitutional rights through threats, intimidation, and coercion.

81. Coercion included forced nudity, forced removal of menstrual protection, denial of sanitation, prolonged confinement, armed intimidation, and threats to disseminate recordings.

82. The coercion was explicit and inherent in Defendants' custodial authority.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION
### (California Constitution – Right to Privacy Article I, § 1)
### (Against Defendants City, Ibarra, Dockery, and DOES 1-25)

83. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 82 of this Complaint.

84. Plaintiff had a legally protected privacy interest in her naked body, genital area, and menstrual condition.

85. Defendants intentionally and seriously invaded that privacy in a manner highly offensive to a reasonable person and unjustified by any legitimate objective.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
### (Invasion of Privacy – Intrusion Upon Seclusion)
### (Against Defendants City, Ibarra, Dockery, and DOES 1-25)

86. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 85 of this Complaint.

87. Defendants intentionally intruded into Plaintiff's private affairs by observing, recording, and prolonging exposure of her nude and bleeding body.

88. The intrusion would offend any reasonable person and caused Plaintiff harm.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### EIGHT CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (Against Defendants City, Ibarra, Dockery, and DOES 1-50)

89. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 88 of this Complaint.

90. Defendants engaged in extreme and outrageous conduct by combining sexual humiliation, denial of hygiene, prolonged confinement, armed intimidation, and taunting.

91. Defendants acted with reckless disregard of the probability of causing emotional distress.

92. Plaintiff suffered severe emotional distress.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### NINTH CAUSE OF ACTION
### (Negligence)
### (Against Defendants City, Ibarra, Dockery, and DOES 1-50)

93. Plaintiff realleges and incorporates by reference paragraphs 1 through 92 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, or oppressive conduct, and except for any allegations seeking punitive or exemplary damages, which are expressly excluded from this cause of action.

94. This cause of action is brought pursuant to California Government Code sections 820 and 815.2. Pursuant to Government Code section 820, Defendants DOES 1 through 25, as public employees, are liable for injuries caused by their acts or omissions to the same extent as private persons. At all relevant times, Defendants DOES 1 through 25 were acting within the course and scope of their employment and/or agency as deputies, supervisors, officers, or employees of Defendant City. Pursuant to Government Code section 815.2, Defendant City is liable under principles of respondeat superior for the negligent acts and omissions of Defendants DOES 1 through 25 committed within the course and scope of their employment.

95. Defendants owed Plaintiff a duty to exercise reasonable care in the performance of their custodial duties, including but not limited to a duty to conduct searches in a reasonably safe and lawful manner, to protect Plaintiff's bodily privacy and dignity, to avoid unnecessary exposure and humiliation, to refrain from recording or permitting the recording of nude detainees, to provide reasonable access to sanitation and restroom facilities, to use reasonable care in the supervision and control of detainees, and to comply with applicable policies, procedures, and standards governing jail operations.

96. Defendants breached their duties of care by negligently conducting and supervising a strip and cavity search; by permitting or failing to prevent cross-gender observation and recording during the search; by ordering the removal of Plaintiff's menstrual protection without providing replacement sanitary care; by denying Plaintiff access to restroom facilities for a prolonged period; by confining Plaintiff in unsanitary conditions; by negligently supervising housing-unit shakedowns; and by failing to intervene, supervise, train, or control subordinates to prevent foreseeable harm to Plaintiff.

97. Defendants further acted negligently by failing to adequately supervise, train, assign, monitor, and control deputies engaged in custodial searches and confinement, and by failing to implement or enforce reasonable safeguards to prevent the foreseeable risk of harm arising from invasive searches, denial of hygiene, and coercive confinement.

98. Defendants knew or reasonably should have known that the acts and omissions described herein created an unreasonable risk of physical injury, emotional distress, humiliation, and psychological harm to Plaintiff, yet failed to exercise reasonable care to prevent such harm.

99. Plaintiff suffered harm, and Defendants' negligence was a substantial factor in causing Plaintiff's injuries.

100. As a direct and proximate result of Defendants' negligence, Plaintiff suffered damages including, but not limited to, physical pain and discomfort, emotional distress, fear, anxiety, trauma, humiliation, loss of dignity, medical and mental health expenses, and other damages according to proof.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## TENTH CAUSE OF ACTION
### (Sexual Battery
### Cal. Civ. Code § 1708.5)
### (Against Defendants Ibarra, Dockery, and DOES 1-25)

101.  Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 100 of this Complaint.

102.  Defendants intentionally caused Plaintiff to expose intimate parts and forced removal of menstrual protection through abuse of authority.

103.  The conduct constituted sexual battery under California law.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

104.  Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof as to Defendants Ibarra, Dockery, and Does 1-50;
4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
5. For any and all statutory damages allowed by law;
6. For declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that Defendants' acts, omissions, policies, customs, and practices as alleged herein, including the conduct of strip and cavity searches, recording of detainees, denial of sanitation and restroom access, cross-gender observation, armed intimidation, and supervisory ratification, violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and applicable provisions of California law;

7. For injunctive relief requiring Defendant City and County of San Francisco, and all persons acting in concert with it, to implement, enforce, and maintain constitutionally adequate policies, training, supervision, and safeguards governing jail searches and custodial practices, including but not limited to prohibiting recording during strip and cavity searches, requiring gender-appropriate staffing and privacy protections, ensuring access to sanitary products and restroom facilities, and instituting effective oversight, reporting, and discipline mechanisms to prevent future violations of the type alleged herein;

8. For such additional equitable relief as the Court deems necessary and appropriate to remedy ongoing constitutional violations and to prevent the recurrence of unlawful strip-search practices and custodial abuse.

9. For cost of suit herein incurred; and

10. For such other and further relief as the Court deems just and proper.

**Law Offices of Kenneth C. Odiwe, PC**

Dated: January 24, 2026

　　　　/s/ *Kenneth Chike Odiwe*
Kenneth Chike Odiwe
Attorney for Plaintiff